UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIMAR SYSTEMS, INC.,

    Plaintiff,

-vs-

POWERSDINE, LIMITED,

    Defendant,

    Case No. 01-74081
    Hon: AVERN COHN

_____

CHRIMAR SYSTEMS, INC.,

    Plaintiff,

-vs-

FOUNDRY NETWORKS, INC.,

    Defendant,

    Case No. 06-13936
    Hon: AVERN COHN

_____

CHRIMAR SYSTEMS, INC.,

    Plaintiff,

-vs-

D-LINK SYSTEMS, INC.,

    Defendant.

    Case No. 06-13937
    Hon: AVERN COHN

_____/

## ORDER ON CHRIMAR'S
## MOTION FOR RECONSIDERATION OR CLARIFICATION
## PERTAINING TO MARKMAN RULING

I.

This is a patent case. Before the Court is plaintiff's motion for reconsideration or clarification of the Court's Markman order relating to interpretation of the phrase "current

loop." For the reasons that follow, the motion will be stayed.

II.

E.D. Mich LR 7.1(g)(3) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

III.

Plaintiffs seeks a ruling that

> Nothing in either . . . the Markman Order . . . or Memorandum on Claim Construction shall be interpreted to restrict:
>     a.    the number of wires over which a current loop an be formed
>     b.    the term "a pair" to specific wires based on transmit/receive nomenclature

Notably, plaintiff does not point any error in the Court's Markman order or argue that reconsideration will result in a different disposition of the case. Rather, plaintiff's motion is bottomed on its concern that statements made in the Memorandum on Claim Construction can be interpreted in a way that limit its scope. Plaintiff, however, does not identify with particularity the language it is concerned about. Indeed, neither party highlighted the language it argues is important to its position.[1] This includes language in the decision as well as language on the precedents cited.

---

[1] Highlighters are not so expensive as to discourage their use as an aid to the Court's understanding of the particular language important to a party's argument.

Essentially, plaintiff asks the Court to enter an order to interpret its interpretation. The Court stated in the Memorandum on Claim Construction:

> The correct interpretation of the phrase "current loop" for the reasons stated by the special master is:
>
> > A round trip path through a selected pair of data communication lines and an associated piece of equipment
>
> At oral argument, the Court stated that plaintiff, if dissatisfied with this interpretation could move for reconsideration, a decision on which would abide exact knowledge of the nature of the accused device.

IV.

After consideration of plaintiff's brief in support of the motion, defendants' response and plaintiff's reply, the Court is satisfied that decision on the motion at the present stage of the case is premature. It appears that the Court is being asked to make a ruling which may materially impact the issue of infringement in circumstances where it knows nothing of the accused devices. Accordingly, decision on the motion is STAYED until such time as the nature of the accused devices are fully explicated on the record either as part of a motion for summary judgment or after the Joint Pretrial Statement antecedent to trial is filed.

SO ORDERED.


Dated: October 2, 2008        s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 2, 2008, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5160

Dated: