UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIMAR SYSTEMS, INC.,

    Plaintiff,

-vs-

Case No. 06-13936
Hon: AVERN COHN

FOUNDRY NETWORKS, INC.,

    Defendant.
_____/

## ORDER SETTING DATE FOR EVIDENTIARY HEARING

This is a patent infringement case involving U.S. Patent No. 5,406,260 (the '260 Patent), Network Security System for Detecting Removal of Electronic Equipment. Claim 17 dependent from Claim 14 is the paradigm claim (Doc. 8).

Claim 14 reads:

> 14. A method for detecting unauthorized disconnection of remotely located electronic equipment which has existing data communication lines connecting the equipment to a network, said method comprising:
>
> selecting respective pairs of the existing data communication lines for associated pieces of monitored equipment so that each of said selected pairs of data communication lines forms a current loop through the associated pieces of monitored equipment, wherein said respective pairs of data communication lines are associated with different ones of the associated pieces of equipment;
>
> supplying a low DC current signal to each current loop so as to achieve continuous current flow through each current loop while each of said associated pieces of equipment is physically connected to said network via the data communication lines;

1

>  and
>
>  sensing said DC current signal in each of said current loops so as to detect a change in current flow indicative of disconnection of one of said pieces of associated equipment.

Claim 17 reads:

>  The method as defined in claim 14 wherein said existing data communication lines comprise 10BaseT wiring.

Defendant says claim 17 is invalid for obviousness. Implicated in the question of obviousness as prior art is the Green Book, AMD Application Note and 10BaseT Wiring. For background, *see*, *Chrimar Systems, Inc. v. Cisco Systems, Inc.*, 318 F.Supp.2d 476 (E.D. Mich. 2004), a case in which Claim 1 was found invalid.

Defendant has moved for summary judgment of invalidity (Doc. 143). Plaintiff says otherwise. There have been a multitude of papers filed on the issue. A multitude of affidavits have also been filed. They are not easy to understand. *See,* transcripts of conferences on June 03, 2011; August 26, 2011; October 28, 2011 and March 08, 2012.

A special master's (*see,* Doc. 192) recommendation says Claim 17 is invalid for obviousness (Doc. 210). An expert advisor (Doc. 221), for different reasons than the special master says claim 17 is invalid. *See*, Exhibit A attached.

It would be of significant assistance to the Court in understanding the positions of each party to hear oral testimony on the relationship or lack thereof on the issue of obviousness of the relationship of the Green Book, AMD Application Note and 10BaseT Wiring. The testimony should come from an expert witness for each party in the form of direct testimony and cross-examination. To expedite the hearing, the direct testimony should be presented in narrative form. [*See*, *Civil Litigation Management Manual* (2d, 2010), pp. 103-104].

Accordingly, the Court will hold an evidentiary hearing on Friday, April 20, 2012 at 10:00 am. Each party is allocated two (2) hours for direct and cross-examination. The name, the *Curriculum Vitae* and the direct testimony to be offered of each party's expert witness shall be lodged with the Court two (2) business days in advance of the hearing date. Exhibits to be used at the hearing should be listed, and copies lodged with the Court two (2) business days in advance of the hearing date as well.

SO ORDERED.


Dated: March 14, 2012            S/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 14, 2012, by electronic and/or ordinary mail.

                                 S/Julie Owens
                                 Case Manager, (313) 234-5160