UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIMAR SYSTEMS, INC.,

    Plaintiff,

-vs-

Case No. 06-13936
HON. AVERN COHN

FOUNDRY NETWORKS, INC.,

    Defendant.

_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY
(Doc. 143)
AND DISMISSING CASE**

I. Introduction

This is a patent case. The patent-in-suit, U.S. Patent No. 5,406,260 (the '260 Patent), Network Security System For Detecting Removal Of Electronic Equipment, owned by plaintiff, Chrimar Systems, Inc. (Chrimar), is claimed by Chrimar to be infringed by defendant, Foundry Networks, LLC (Foundry). The claims-in-suit are independent claim 14 and dependent claim 17. Foundry, in response, says claims 14 and 17 are invalid. In a prior case, the Court held claim 1 invalid. Chrimar Systems, Inc. v. Cisco Systems, Inc., 318 F. Supp. 2d 476 (E.D. Mich. 2004).

The case has had a long and complicated history on the docket of the Court. It was filed on September 6, 2006. Originally there were three (3) defendants; today there is only a single defendant. There are over 230 docket entries as of now. The case is still in its

summary judgment phase.

Before the Court is Foundry's Motion for Summary Judgment of Invalidity (Doc. 143). For the reasons which follow, the motion is GRANTED and the case is DISMISSED.

## II. The Claims

Claim 14 reads:

> 14. A method for detecting unauthorized disconnection of remotely located electronic equipment which has existing data communication lines connecting the equipment to a network, said method comprising:
>
> selecting respective pairs of the existing data communication lines for associated pieces of monitored equipment so that each of said selected pairs of data communication lines forms a current loop through the associated pieces of monitored equipment, wherein said respective pairs of data communication lines are associated with different ones of the associated pieces of equipment;
>
> supplying a low DC current signal to each current loop so as to achieve continuous current flow through each current loop while each of said associated pieces of equipment is physically connected to said network via the data communication lines; and
>
> sensing said DC current signal in each of said current loops so as to detect a change in current flow indicative of disconnection of one of said pieces of associated equipment.

Claim 17 is dependent from claim 14, and reads:

> The method as defined in claim 14 wherein said existing data communication lines comprise 10BaseT wiring.

## III. Prior Motions

### A. Markman

The Court appointed a special master for Markman proceedings. (Doc. 30). Initially the special master recommended the proper interpretation of disputed claim

terms.  See Report And Recommendation Of Special Master (Docs. 53, 54 and 55). There were objections to parts of the special master's recommendation.  The objections were resolved by the Court.  See Markman Order (Doc. 69) and Memorandum on Claim Construction (Doc. 70).

### B.  Collateral Estoppel

Following the Markman proceedings, defendants filed a "Motion for Application of Collateral Estoppel to Bind Plaintiff to Fact Issues Decided Regarding 'Green Book' and the 'AMD Application Note' Prior Art, and Invalidity of Claim 1 of the '260 Patent." (Doc. 89).  The special master recommended the motion be granted (Docs. 111 and 127).  The Court adopted the special master's recommendation (Doc. 139).

### IV.  Invalidity Motion[1]

### A.  Special Master

Foundry, the only defendant left, filed a "Motion for Summary Judgment of Invalidity of Paradigm Claims 14 and 17."  (Doc. 143).  The motion was referred to the special master.  (Doc. 192).  The special master filed a report and recommendation on the motion, recommending that the motion be granted.  (Doc. 210).

Specifically, the special master recommended that Foundry's motion for summary judgment of invalidity as to Claim 14 be granted on the grounds of anticipation, and that Foundry's motion for summary judgment as to Claim 17 be granted on the grounds that the invention was obvious.  Chrimar objected to the

---

[1]Foundry also filed a motion for summary judgment of non-infringement (Doc. 168).  This motion was also referred to the special master; he recommended it be denied.  In light of the disposition of the case, this motion is MOOT.

recommendation (Doc. 213).

### B.  Expert Advisor

The special master's recommendation and Chrimar's objections generated the filing of numerous papers and several hearings.  Because of the complexity of the issues, the Court appointed an expert advisor to assist the Court in the research, analysis and drafting of a decision on the validity of Claims 14 and 17 (Doc. 221).

To assist the Court and the expert advisor in coming to a conclusion on the validity issue, the Court scheduled an evidentiary hearing (Doc. 223).  The evidentiary hearing was held on May 4, 2012.  Each expert was cross-examined at the hearing.

In advance of the evidentiary hearing, each party lodged with the Court the proposed testimony of its expert witness in narrative form (Docs. 226 and 227).  These narratives were introduced in evidence at the hearing as Exhibits 1 and 2.

### V.  Conclusion

Following the evidentiary hearing, the expert advisor lodged with the Court a document styled

> Post May 4, 2012 Evidentiary Hearing Report and Recommendation of Expert Advisor to the Court, Kim A. Winick, Regarding Foundry Networks, Inc.'s Motions [Doc. 143] for Summary Judgment of Invalidity of Claims 14 and 17 of U.S. Patent No. 5,406,260

A copy of the document (hereafter "report") is attached as Exhibit A.

The expert advisor recommends that the Court grant Foundry's motion for summary judgment of invalidity of claims 14 and of claim 17.

The Court has carefully reviewed the report.  The report accurately sets forth the applicable law.  See ¶¶ 14-28 of the report.

As to the substance of the report, the Court is satisfied that the expert advisor's reasons for recommending the Court grant Foundry's motion of invalidity are correct. The Court fully adopts and incorporates the report as its finding of facts and conclusions of law. Claim 14 is invalid as anticipated based on prior art disclosed in the Green Book. See ¶¶ 29-31, 36-42, and 49 of the report. Additionally, in light of the prior art in the Green Book and the fact that 10BaseT wiring was well known at the time the '260 patent was filed, claim 17 is invalid as obvious. See ¶¶ 34–35, 43-47, and 50-54 of the report.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 1, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 1, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160